UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT THOMAS IRVIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:20-cv-00762 |
| THE CITY OF CLARKSVILLE, et al., | ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM OPINION

Robert Thomas Irvin, a Tennessee resident, has filed a *pro se* Complaint under 42 U.S.C. § 1983, 18 U.S.C. § 242, and 18 U.S.C. § 1503, asserting violations of his constitutional and other federal rights. (Doc. No. 1.) Irvin has also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 2.) The case is before the Court for a ruling on the application and initial review of the Complaint.

**I.    Application for Leave to Proceed as a Pauper**

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Irvin is 75 years old and has a small income from social security and disability insurance that roughly equals his basic monthly expenses. (Doc. No. 2). Further, he reports no significant discretionary expenses. (Id. at 3.) Irvin avers that he lives month-to-month with the aid of charities. (Id. at 4.) It therefore appears from Irvin's application that he cannot pay the full civil filing fee in advance without undue hardship. Accordingly, the application is **GRANTED**.

**II.    Initial Review of the Complaint**

The Court must conduct an initial review of the complaint and dismiss any action filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997) (holding the screening procedure established by § 1915(e) also applies to *in forma pauperis* complaints filed by non-prisoners), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

A.     **Standard of Review**

In reviewing the complaint, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The Court must then consider whether those factual allegations "plausibly suggest an entitlement to relief," Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)), that rises "above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court need not accept as true "unwarranted factual inferences," DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007) (quoting Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383; Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Even under this lenient standard, however, *pro se* plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. Martin v. Overton, 391

2

F.3d 710, 714 (6th Cir. 2004); Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is not "to ferret out the strongest cause of action on behalf of *pro se* litigants" or to "advis[e] litigants as to what legal theories they should pursue").

**B. Background**

Irvin is no stranger to this Court, having filed numerous pro se cases over the years. This latest case closely parallels a case filed by Irvin and dismissed by the Court in 2019. See Irvin v. The City of Clarksville, et al., No. 3:19-157 (M.D. Tenn.) (hereinafter "Irvin I"). Irvin sues the same Defendants as he did in 2019, with the addition of Chancellor Laurence McMillan, Jr. (Doc. No. 1.) As in 2019, the Complaint is a largely incomprehensible compilation of "legal conclusions and cryptic references to events that occurred in the course of state court litigation." Irvin I, Doc. No. 4 at 2. Once again, as the Court can best surmise Irvin's claims stem from a long-ago unsuccessful contest by Plaintiff of the repossession of his home, and his belief that the state court judge and numerous others have violated his constitutional rights by repossessing his home and denying him related relief. (See Doc. No. 1 at 1-8.)

**C. Analysis**

1. Claims under 18 U.S.C. § 242 and 18 U.S.C. § 1503

Irvin brings claims under 18 U.S.C. § 242 and 18 U.S.C. § 1503. Both of these are criminal statutes that do not provide private causes of action.[1] See United States v. Oguaju, 76 F. App'x

---

[1] Section 242 is the criminal counterpart of Section 1983, while Section 1503 is an obstruction of justice the criminal statute concerning "[i]nfluencing or injuring officer or juror generally." See 18 U.S.C. §§ 242; 1503. Section 1503 also does not give rise to a claim under Section 1983 because it does not contain explicit "rights-creating language." Moldowan, 578 F.3d at 391 (citing Johnson v. City of Detroit, 446 F.3d 614, 621 (6th Cir. 2006)).

3

579, 581 (6th Cir. 2003) (Section 242); Moldowan v. City of Warren, 578 F.3d 351, 391 (6th Cir. 2009) (Section 1503). Accordingly, the Court must dismiss these claims for failure to state a claim.

### 2. Claims Under Section 1983

Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

Irvin's claims under Section 1983 must be dismissed for two reasons. First, they are clearly untimely. The statute of limitations for claims brought under Section 1983 in Tennessee is one year. Jordan v. Blount Cnty., 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a)). Under federal law, the limitations period generally "begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." Harrison v. Michigan, 722 F.3d 768, 773 (6th Cir. 2013) (quoting Collyer v. Darling, 98 F.3d 211, 220 (6th Cir. 1996)). While the statute of limitations is an affirmative defense and, "[a]s such, Defendants [bear] the ultimate burden of proof on that issue," Surles v. Andison, 678 F.3d 452, 458 (6th Cir. 2012) (citations omitted)), "a complaint is subject to dismissal without any further proof if 'the allegations . . . show that relief is barred by the applicable statute of limitations." Id. (quoting Jones v. Bock, 549 U.S. 199, 215 (2007)).

Here, the Complaint was filed on September 4, 2020. Applying the one-year statute of limitations, Irvin may pursue only Section 1983 claims that accrued on or after September 4, 2019. Although the Complaint is difficult to parse, it is clear that Irvin complains of rights violations in

4

connection with events that occurred long before September 4, 2019. (See Doc. No. 1 at 1-8 (complaining about events that occurred in 2003, 2004, 2008, 2010, and 2011)). The Complaint briefly references a state court action that Irvin filed in October 2018. (Id. at 5 n.6.) However, that case was dismissed on January 29, 2019, still well outside the limitations period.[2] See Irvin v. The City of Clarksville, et al., No. MC-CH-CV-CD-18-37 (Mont. Cnty. Chan. Ct. Jan. 29, 2019) (slip op. at 1-2) ("Irvin II").[3] Because Irvin suffered all of his alleged injuries more than one year prior to filing the Complaint, the Section 1983 claims are time-barred.

Second, Irvin's Section 1983 claims are barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) ("The Rooker-Feldman doctrine [bars] cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); Loriz v. Connaughton, 233 F. App'x 469, 474 (6th Cir. 2007) ("Under the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims inextricably intertwined with issues decided in state court proceedings." (citations and internal quotation marks omitted)). The Court determines whether Rooker-Feldman applies by looking to the "source of the injury the plaintiff alleges in the federal complaint." VanderKodde v. Mary Jane M. Elliott, P.C., 951 F.3d 397, 402 (6th Cir. 2020) (quoting McCormick v. Braverman, 451 F.3d

---

[2] Notably, the Chancery Court dismissed the case as time-barred because it concerned the same distant events that Irvin complains of here. See Irvin II (slip op. at 1-2).

[3] The Court "can take judicial notice of developments in related proceedings in other courts of record." Chase Bank USA, N.A. v. City of Cleveland, 695 F.3d 548, 553 n.2 (6th Cir. 2012) (internal quotation marks omitted) (citing Walburn v. Lockheed Martin Corp., 431 F.3d 996, 972 n.5 (6th Cir. 2005)); see also Bennett v. Brown, No. 3:18-CV-00603, 2018 WL 9651890, at *1 (M.D. Tenn. Oct. 3, 2018) (taking judicial notice of complaint filed in separate case in dismissing pro se Section 1983 action).

382, 393 (6th Cir. 2006)). In doing so, the Court must "reference to a plaintiff's request for relief." Id. (quoting Berry v. Schmitt, 688 F.3d 290, 299 (6th Cir. 2012)).

Here, the Complaint is premised upon Irvin's assertions that state court judgments related to the ownership and possession of a property violated his constitutional and other federal rights. Irvin's claims specifically invite the Court to review those state court proceedings and reject those state court judgments. (See Doc. No. 1 at 1-6.) Indeed, Irvin's prayer for relief explicitly asks the Court to "grant all relief prayed for throughout [ ] litigation up to this point" that has been denied to Irvin by "experienced crooks of the legal profession." (Id. at 9.) Accordingly, Rooker-Feldman precludes consideration of these claims.

### III. Conclusion

For these reasons, Irvin's Section 242 and Section 1503 claims must be dismissed for failure to state a claim, and his Section 1983 claims must be dismissed for untimeliness and lack of subject-matter jurisdiction under the Rooker-Feldman doctrine.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE